IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JUDY KAY MISKELL,

    Plaintiff,

    v.                         CIVIL NO.: WDQ-12-0742

ALLEN ROHRER, M.D.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Judy Kay Miskell, *pro se*, sued Allen Rohrer, M.D. for medical malpractice. The Court dismissed the case on Miskell's motion. Pending is Miskell's motion for reconsideration. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the following reasons, the motion will be denied.

I. Background

On March 10, 2010, Miskell's husband died of brain and lung cancer. ECF Nos. 2 at 2, 16-2 at 5. On March 9, 2012, Miskell sued Rohrer, her late husband's treating physician, for medical malpractice. ECF Nos. 1, 13. On April 18, 2012, Rohrer moved to dismiss the case, because Miskell failed to exhaust her claim through arbitration procedures mandated by the Maryland Health Care Malpractice Claims Act ("HCMCA").[1] ECF No. 6-1. On May 14,

---

[1] Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01 *et seq.* The HCMCA was passed in an attempt to reduce the litigation costs

2012, the Court granted Miskell's motion to dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a). ECF Nos. 9-10.

Miskell apparently attempted to comply with HCMCA's arbitration procedures by filing a medical malpractice claim with the Maryland Health Care Alternative Dispute Resolution Office. *See* ECF No. 13-1 at 2. On September 25, 2012, the Director of the Office dismissed Miskell's claim on Rohrer's motion, because she failed to timely file a certificate of a qualified expert.[2] *Id.*; *see* § 3-2A-04(b).

---

associated with the "explosive growth in medical malpractice claims." *See Breslin v. Powell*, 421 Md. 266, 294, 26 A.3d 878, 895 (2011) (internal quotations omitted). The Act requires all medical malpractice plaintiffs to comply with several procedural preconditions, including filing an arbitration claim, before bringing a medical malpractice lawsuit in Maryland. *See* §§ 3-2A-02(a)(2), -04(a). The Fourth Circuit has held that the HCMCA "must be enforced by [federal] courts" and requires medical malpractice plaintiffs to exhaust the HCMCA's arbitration remedy before bringing suit in federal court. *See Rowland v. Patterson*, 882 F.2d 97, 97, 99 (4th Cir. 1989); *see also Zander v. United States*, 843 F. Supp. 2d 598, 604-05 (D. Md. 2012) *aff'd*, 494 F. App'x 386 (4th Cir. 2012) (dismissing medical malpractice claim because plaintiff failed to comply with HCMCA preconditions).

[2] A medical malpractice "claim or action . . . shall be dismissed, without prejudice, if the claimant or plaintiff fails to file a certificate of a qualified expert . . . attesting to [the defendant's] departure from standards of care, and that the departure from the standards of care is the proximate cause of the alleged injury." *See* § 3-2A-04(b)(1)(i). To be considered "qualified," the expert must, at minimum, "have had clinical experience, provided consultation relating to clinical practice, or taught medicine in the defendant's specialty or a related field of health care, or in the field of health care in which

2

On January 14, 2013, Miskell filed a motion captioned "Resubmitting This Case to the Court: Continuity of this Action" apparently seeking to reopen this case. ECF No. 13. On July 23, 2013, the Court denied Miskell's motion, because she had not sought reconsideration of the case's dismissal and the record revealed that she had not complied with the HCMCA's exhaustion requirements. ECF No. 20 at 3. The Court noted that, if she did exhaust her claims, she could file a new case. *Id.* at 3 n.3. Miskell did not appeal from this order.

On August 23, 2013, Miskell requested reconsideration of the Court's July 23, 2013 order under Rule 60(b)(6).[3] ECF No. 21 at 1. Rohrer did not respond to this motion.

II. Analysis

For relief under Rule 60(b), Miskell must make a threshold showing of all the following: "timeliness, a meritorious

---

the defendant provided care or treatment to the plaintiff, within 5 years of the date of the alleged act or omission giving rise to the cause of action." See § 3-2A-02(ii). If the defendant is board-certified, the expert generally must be board-certified in "the same or a related specialty as the defendant." See id.

[3] A motion to reconsider a judgment may be construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. See Fed.R.Civ.P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). Because Miskell filed her motion more than 28 days after the judgment, it will be considered under Rule 60(b).

defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assocs.*, 305 F. App'x 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "After a party has crossed this initial threshold, [s]he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell*, 993 F.2d at 48.

Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reasons that justify relief. *Aikens v. Ingram*, 652 F.3d 496, 500 & n. 3 (4th Cir. 2011).

Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Id.* at 500. Because a Rule 60(b) motion does not substitute for a timely appeal, "in cases where the petitioner freely chooses not to appeal the district court's original judgment, this court has consistently held that the petitioner had not demonstrated extraordinary circumstances." *Id.* at 502.

Even if Miskell could satisfy Rule 60(b)'s threshold showing, Miskell cannot establish extraordinary circumstances justifying Rule 60(b)(6) relief, because she failed to appeal the Court's July 23, 2013 order and offered no excuse for this

4

failure. *See id.*; *Ackermann v. United States*, 340 U.S. 193, 202, 71 S. Ct. 209, 213, 95 L. Ed. 207 (1950). Miskell offers several reasons why the Court incorrectly concluded that she has not exhausted her claims against Rohrer. See ECF No. 21 at 2-3. However, Miskell still has not sought reconsideration of the dismissal she previously requested and received. See ECF No. 20 at 3.

If Miskell has indeed exhausted her claims against Rohrer by going through the arbitration procedure of the HCMCA, and if her claims are timely,[4] she may file a new case against him, as the Court previously stated.[5] *Id.* at 3 n.3.

---

[4] The statute of limitations for filing a medical malpractice claim under the HCMCA's procedures is "within the earlier of: (1) Five years of the time the injury was committed; or (2) Three years of the date the injury was discovered." Md. Code Ann., Cts. & Jud. Proc. § 5-109 (West 2005); *see, e.g.*, *Jones v. Speed*, 320 Md. 249, 252-53, 261, 577 A.2d 64, 65-66, 70 (1990) (applying § 5-109 to a claim brought under the HCMCA).

[5] Miskell asserts that "the root of this issue is that the State of Maryland provides NO funding or assistance financially to a litigant proceeding in forma Pauperis to obtain a Certificate of Merit." ECF No. 21 at 2-3. The lack of such funding or assistance is beyond this Court's ability to remedy. This lack is softened somewhat by the availability of attorneys who are willing to take medical malpractice cases on a contingency fee basis. Under these agreements, if the attorney successfully prosecutes her claim, the plaintiff pays the attorney a percentage of her damages as legal fees. *See, e.g.*, *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 731, 738-39, 107 S. Ct. 3078, 3090, 3093-94, 97 L. Ed. 2d 585 (1987) ("[T]he contingent fee helps equalize the access of rich, middle-class, and poor individuals to the courts by making attorney decisions concerning representation turn on an action's merits rather than on the size of a client's

III. Conclusion

For the reasons stated above, the plaintiff's motion for reconsideration will be denied.

12/13/13
Date

William D. Quarles, Jr.
United States District Judge

---

income.") (internal quotations and citations omitted); *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245 (4th Cir. 2010) (discussing, with approval, use of contingency fee arrangements to enable plaintiffs without adequate financial resources to obtain "access to the legal system"). Alternatively, litigants may proceed *in forma pauperis* in the federal courts under certain circumstances, 28 U.S.C. § 1915(a)(1), and Miskell was previously permitted to do so, *see* ECF No. 3. If, as she asserts, she has exhausted her claims against Rohrer, and if the claims may be timely brought, she may file a new case in federal court and seek leave to proceed *in forma pauperis*.